UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES L. DANNENBERG AND DENA J.
DANNENBERG,

                        Plaintiffs,

   -v-                                                           8:16-CV-1085

NORTHERN ENERGY, LLC,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                     OF COUNSEL:

DLA PIPER LLP                                JEFFREY D. KUHN, ESQ.
Attorneys for Plaintiffs
677 Broadway, Suite 1205
Albany, New York 12207

DAVID N. HURD
United States District Judge

## DECISION and ORDER

On September 6, 2016, plaintiffs James L. Dannenberg and Dena J. Dannenberg ("plaintiffs") commenced this action against defendant Northern Energy, LLC ("defendant") to compel the determination of claims to an approximately 62.5 acre of real property in Clinton County, New York.  The action was commenced pursuant to New York Real Property Actions and Proceedings Law Article 15 after plaintiffs received a letter from Northern Energy, LLC on March 24, 2016, asserting defendant owned the mineral rights under plaintiffs' property.

Following defendant's failure to appear and failure to answer or otherwise move with respect to the Complaint, plaintiff requested an entry of default. On December 6, 2016, the Clerk of the Court entered default against defendant. On December 9, 2016, plaintiff moved for a default judgment against defendant pursuant to Federal Rule of Civil Procedure ("Rule") 55. To date, defendant has not submitted an answer to the Complaint, nor submitted any opposition to the motion for default judgment.

Under Rule 55, default judgment may be entered where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." J & J Sports Prods., Inc. v. Onyx Dreams Inc., No. 12-CV-5355, 2013 WL 6192546, at *3 (E.D.N.Y. Nov. 26, 2013) (citation and internal quotation marks omitted). When considering a motion for default judgment, a court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in [his] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). The court must also determine whether the plaintiff's factual allegations establish the defendant's liability as a matter of law. Id. Accordingly, the sufficiency of the factual allegations in plaintiffs' Complaint will be considered.

The Complaint alleges plaintiffs own the approximately 62.5-acre parcel of real property located on Sunset Road in the Town of Dannemora, Clinton County, New York, which is designated on the Clinton County Tax Map as Parcel 182.-2-2.7 (the "Property"). Plaintiffs allege they are vested with an unencumbered and valid title in fee simple absolute to the Property, and that defendant has no valid rights, title, interest, or claim in or to the Property.

Plaintiffs have complied with the requirements of Rule 55(b)(2) and Northern District Local Rule of Civil Procedure 55(b) and, as a result, the motion will be granted.

Therefore, it is

ORDERED that

1. Plaintiffs' James L. Dannenberg and Dena J. Dannenberg's motion for default judgment against defendant Northern Energy, LLC is GRANTED;

2. Defendant Northern Energy, LLC and all persons claiming under and/or acting in concert with Northern Energy, LLC by title accruing after the filing of the judgment, are forever barred and enjoined from any and all claims to mineral rights or other interests in the Property;

3. The sole and complete possession of the property is awarded to plaintiffs James L. Dannenberg and Dena J. Dannenberg and that plaintiffs remain in possession of the premises;

4. Defendant Northern Energy, LLC and all persons claiming under and/or acting in concert with Northern Energy, LLC are permanently enjoined from interfering with plaintiffs' title, possession, use, and enjoyment of the Property; and

5. Any instrument purporting to create any rights, title, interest, or claim in or to the Property by Northern Energy, LLC be cancelled of record, including, but not limited to, Instrument Number 2016-00277906 recorded in the Office of the Clinton County Clerk on or about March 15, 2016, which is a Warranty Deed (dated March 15, 2016) between Champlain Gas & Oil, LLC and Northern Energy, LLC that purports to convey to Northern Energy, LLC a mineral estate in the Property.

The Clerk shall close the file and enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 27, 2017
       Utica, New York.